## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA CONTE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANASAZI MEDICAL PAYMENT SOLUTIONS INC. D/B/A ADVANCED MEDICAL PRICING SOLUTIONS; CIMARRON HEALTHCARE CAPITAL; and JAMES NADAULD.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No.: 1:24-cv-10605-WGY |

### DEFENDANT ANASAZI MEDICAL PAYMENT SOLUTIONS INC. D/B/A ADVANCED MEDICAL PRICING SOLUTIONS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Anasazi Medical Payment Solutions Inc. d/b/a Advanced Medical Pricing Solutions ("AMPS" or "Defendant") hereby submits its Answer, Affirmative Defenses, and Jury Demand in response to plaintiff Laure Conte's ("Plaintiff") Complaint and Jury Demand ("Complaint") as follows:

### ANSWER

### PARTIES

1.　　Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2.　　Admitted that AMPS is a Cimmaron portfolio company. Defendant further admits that Plaintiff was an employee of AMPS. Defendant is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraph 2 of the Complaint.

3.    Admitted that AMPS is an Arizona corporation with a principal place of business of 2700 North Central Ave., Suite 1100, Phoenix, AZ, 85004.

4.    No response is required to Paragraph 4 as it is directed to a different named defendant.

5.    No response is required to Paragraph 5 as it is directed to a different named defendant.

## JURISDICTION, VENUE AND CHOICE OF LAW

6.    The assertions in Paragraph 6 of the Complaint are conclusions of law to which no response is required. To the extent that a further response is required, denied.

7.    The assertions in Paragraph 7 of the Complaint are conclusions of law to which no response is required.

8.    The assertions in Paragraph 8 of the Complaint are conclusions of law to which no response is required.

## FACTS

9.    Admitted that Plaintiff was an employee of AMPS.

10.    Denied.

11.    Admitted that Plaintiff identified herself as female.

12.    Admitted that upon information and belief, Defendant Nadauld and the persons holding the titles of CEO, COO, CFO, and CRO while Plaintiff was employed by AMPS identified as male.

13.    Admitted that, among other things, AMPS provides these services.

14.    Denied.

15.    Admitted that Defendant Nadauld is the Founder and Managing Partner of

Cimarron. Defendant denies the remainder of the allegations contained in Paragraph 15 as stated.

16.    Denied.

17.    Denied.

18.    To the extent the allegations in Paragraph 18 refer to a written agreement, the document speaks for itself, and Defendant denies any allegations to the extent they go beyond or are inconsistent with the written document.

19.    Denied as stated.

20.    Denied as stated.

21.    Denied as stated.

22.    Denied.

23.    Denied.

24.    Admitted that Plaintiff acted as General Counsel of AMPS and received the salary stated in Paragraph 24 of the Complaint.

25.    Plaintiff has failed to identify the relevant CFO, CRO, and/or COO and therefore Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 25 of the Complaint.

26.    Admitted.

27.    Denied.

28.    Denied as stated. Plaintiff has failed to define the term "C Suite."

29.    Plaintiff has failed to define "C Suite" or define or elaborate on the term "grow AMPS." Therefore, Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of the Complaint.

30.    Denied as stated.

31.    Denied.

32.    Denied.

33.    Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 33 of the Complaint.

34.    Denied. Paragraph 34 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

35.    Denied.

36.    Denied as stated.

37.    Admitted that Plaintiff's job responsibilities included drafting and reviewing all service, provider and business contracts, managing outside counsel, analyzing acquisitions and performing due diligence. Denied that Plaintiff in fact performed all these responsibilities.

38.    Admitted that as CLO, Plaintiff was responsible for certain Human Resources responsibilities. The remainder of the assertions in Paragraph 38 are denied as stated.

39.    Denied.

40.    Denied.

41.    Denied.

42.    To the extent the allegations in Paragraph 42 refer to a written agreement, the document speaks for itself, and Defendant denies any allegations to the extent they go beyond or are inconsistent with the written document.

43.    Denied as stated.

44.    Denied as stated.

45.    Denied.

46.    Denied. Paragraph 46 of the Complaint includes redundant, immaterial,

impertinent, and/or scandalous matter.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied. Paragraph 50 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied as stated.

56.     Denied. Paragraph 56 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

57.     Denied. Paragraph 57 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

58.     Denied. Paragraph 58 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

59.     Denied.

60.     Denied.

61.     Denied. Paragraph 61 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

62.     Denied.

63.     Denied. Paragraph 63 of the Complaint includes redundant, immaterial,

impertinent, and/or scandalous matter.

64.    Denied.

65.    Denied. Paragraph 65 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

66.    Denied as stated.

67.    Denied. Paragraph 67 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied. Paragraph 71 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

72.    Denied.

73.    Denied. Paragraph 73 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

74.    Denied. Paragraph 74 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

75.    Denied. Paragraph 75 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

76.    Denied as stated.

77.    Denied.

78.    Denied as stated.

79.     Defendant is without sufficient knowledge or information to admit or deny the

allegations set forth in Paragraph 79 of the Complaint.

80.     Denied as stated.

81.     Denied as stated.

82.     Denied as stated.

83.     Denied. Paragraph 83 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

84.     Denied.

85.     Denied.

86.     Denied. Paragraph 86 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

87.     Denied. Paragraph 87 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

88.     Denied as stated. Paragraph 88 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

89.     Denied as stated.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Admitted that Defendant Nadauld visited AMPS in person in or around December 2022.

96.     Denied.

97.     Denied. Paragraph 97 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

98.     Denied. Paragraph 98 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

99.     Denied. Paragraph 99 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

100.    Admitted.

101.    Admitted.

102.    Denied. Paragraph 102 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

103.    Denied. Paragraph 103 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

104.    Denied. Paragraph 104 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

105.    Denied.

106.    Denied as stated.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied. Paragraph 119 of the Complaint includes redundant, immaterial, impertinent, and/or scandalous matter.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 123 of the Complaint – particularly whether or not Plaintiff has in fact properly withdrawn her Charge of Discrimination.

## COUNT I – GENDER DISCRIMINATION IN VIOLATION OF M.G.L. C. 151B
**(Defendants)**

124.    No response is required as Paragraph 124 of the Complaint is a paragraph incorporating those allegations previously made.

125.    The assertions in Paragraph 125 of the Complaint are conclusions of law to which no response is required.

126.    Denied.

127.    Denied.

## COUNT II – HOSTILE WORK ENVIRONMENT IN VIOLATION OF M.G.L. C. 151B
**(Defendants)**

128.    No response is required as Paragraph 128 of the Complaint is a paragraph

incorporating those allegations previously made.

129.    The assertions in Paragraph 129 of the Complaint are conclusions of law to which no response is required.

130.    The assertions in Paragraph 130 of the Complaint are conclusions of law to which no response is required.

131.    Denied.

132.    Denied.

133.    Denied.

**COUNT III – RETALIATION IN VIOLATION OF M.G.L. C. 151B**
**(Defendants)**

134.    No response is required as Paragraph 134 of the Complaint is a paragraph incorporating those allegations previously made.

135.    The assertions in Paragraph 135 of the Complaint are conclusions of law to which no response is required.

136.    The assertions in Paragraph 136 of the Complaint are conclusions of law to which no response is required.

137.    Denied.

138.    Denied.

**COUNT IV – VIOLATION OF THE MASSACHUSETTS EQUAL PAY ACT (MEPA)**
**M.G.L. C. 149 S. 105A (Defendants)**

139.    No response is required as Paragraph 139 of the Complaint is a paragraph incorporating those allegations previously made.

140.    The assertions in Paragraph 140 of the Complaint are conclusions of law to which no response is required.

141.    The assertions in Paragraph 141 of the Complaint are conclusions of law to which no response is required.

142.    The assertions in Paragraph 142 of the Complaint are conclusions of law to which no response is required.

143.    The assertions in Paragraph 143 of the Complaint are conclusions of law to which no response is required.

144.    The assertions in Paragraph 144 of the Complaint are conclusions of law to which no response is required.

145.    Denied.

146.    Denied.

147.    Denied.

## REQUEST FOR RELIEF

No response is required to Paragraphs 1 – 8 as they are requests for relief. To the extent a response is necessary, Defendant denies Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses and does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. The affirmative defenses stated herein are not intended nor shall be construed as an admission by Defendant.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Defendant performed and fulfilled any and all promises or obligations under any and all

applicable contracts, agreements, rules, laws, regulations and/or ordinances.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's actions were lawful, justified, and privileged.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged as alleged in the Complaint, any such damages were a result of acts or omissions of persons or entities, including Plaintiff herself, over whom Defendant had no control and/or for whose conduct Defendant is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiff were caused by her own actions or conduct, thereby reducing or barring any recovery.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of impossibility.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their falsity.

## TENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by applicable statutes of limitation and/or the doctrines of laches, and/or estoppel, and/or unclean hands, and/or ratification, and/or waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a lack of proof.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant believes responsibility for Plaintiff's claims rests with someone else.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous in nature, wholly unsubstantial, and not advanced in good faith and accordingly, Defendant is entitled to recover its reasonable costs and attorneys' fees incurred in defending this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part for failure to satisfy contractual conditions precedent, and/or on grounds of lack of ripeness.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred because Defendant at all times acted lawfully and in good faith.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action is barred because the Defendant met all of its contractual and legal obligations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This action is barred because the Defendant has not caused any damage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action is barred to the extent Plaintiff failed to obtain permission to file a private right of action from the Massachusetts Commission Against Discrimination.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent (and without admitting that) there is any entitlement to recover benefits, such recovery is subject to setoff.

### TWENTIETH AFFIRMATIVE DEFENSE

The Defendant did not breach any contractual, general, or other duty to Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims under M.G.L. c. 149 § 105A are barred because AMPS completed a self-evaluation of its pay practices in good faith and can demonstrate that reasonable progress has been made towards eliminating wage differentials based on gender for comparable work, if any.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she cannot prove any disparate pay on the basis of gender or otherwise.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she cannot prove Defendant caused her any harm.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred because she cannot prove Defendant violated M.G.L. c. 151B in any manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her breach of the Employment Agreement.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer and its affirmative defenses, if appropriate, after full investigation and discovery.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court:

  A.  Issue an ORDER dismissing Plaintiff's claims against Defendant;

B. AWARD Defendant the reasonable attorneys' fees and costs it has incurred in the defense of this action; and

C. GRANT any additional relief this Court deems appropriate.

## DEFENDANT ANASAZI MEDICAL PAYMENT SOLUTIONS INC. D/B/A ADVANCED MEDICAL PRICING SOLUTIONS COUNTERCLAIM

### FACTS

AMPS restates and realleges Paragraphs 1-147 of its Answer to Plaintiff's Complaint.

148.   On or around November 22, 2021, Plaintiff and AMPS entered into the Employment Agreement, included as Exhibit 1 to Plaintiff's Complaint.

149.   The Employment Agreement includes a Restrictive Covenants section.

150.   The Restrictive Covenants section of the Employment Agreement requires that Plaintiff not disclose or use any Confidential Information as defined in the Employment Agreement.

151.   In her Complaint, Plaintiff wrongfully, unnecessarily, and intentionally publicly disclosed numerous items of Confidential Information, including information related to trade secrets, proprietary information, and other confidential information as defined in the Employment Agreement belonging to AMPS, its subsidiaries, and/or its Affiliates that are not generally known to the public.

152.   Plaintiff's disclosure violates the Employment Agreement.

153.   Plaintiff also wrongfully, unnecessarily, and intentionally included the Employment Agreement as an exhibit to her Complaint, further violating the Employment Agreement.

154.   Plaintiff's disclosure of this Confidential Information has harmed AMPS.

155.   AMPS, its subsidiaries, and/or its Affiliates have been irreparably harmed by the

15

disclosure of this Confidential Information to its competitors and the public.

156.    The improper filing of this Confidential Information not only violated the terms of the Employment Agreement, but also was harmful to AMPS's reputation.

## COUNT I - BREACH OF CONTRACT

157.    AMPS restates and realleges Paragraphs 1-156 of its Answer and Counterclaim.

158.    Plaintiff and AMPS entered into the Employment Agreement on or around November 22, 2021.

159.    AMPS performed its obligations and duties under the Employment Agreement.

160.    Plaintiff breached the Employment Agreement by disclosing Confidential Information.

161.    This disclosure was wrongful, intentional, and unnecessary.

162.    This disclosure was done in bad faith.

163.    AMPS has been damaged as a result of Plaintiff's breach of the Employment Agreement.

164.    AMPS, its subsidiaries, and/or its Affiliates have, and continue to be, irreparably harmed by Plaintiff's breach.

**WHEREFORE**, AMPS respectfully requests that this honorable Court grant relief as follows:

      A.  GRANT judgment in AMPS's favor on all claims made herein;

      B.  AWARD AMPS all damages it has sustained;

      C.  STRIKE and IMPOUND the Complaint in its entirety;

      D.  AWARD AMPS interest, attorneys' fees, and costs; and

      E.  GRANT such other and further relief as the Court deems proper and just.

## JURY DEMAND

Defendant AMPS demands a trial by jury on all claims so triable.

**Respectfully submitted,**
**DEFENDANT,**

**ANASAZI MEDICAL PAYMENT**
**SOLUTIONS INC. D/B/A ADVANCED**
**MEDICAL PRICING SOLUTIONS,**

By its attorneys,

*/s/ Courtney A. Longo*
Courtney A. Longo, Esq., BBO No. 666466
Courtney.Longo@lewisbrisbois.com
Rachel N. Costello, BBO No. 703319
Rachel.Costello@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One International Place, Suite 350
Boston, MA 02110
Tel: (857) 313-3950
Fax: (857) 313-3951

Dated: June 14, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, I caused a true and accurate copy of the foregoing document to be served through the Court's CM/ECF Service.

/s/ Rachel N. Costello
Rachel N. Costello