# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA CONTE,<br><br>      Plaintiff,<br><br>v.<br><br>ANASAZI MEDICAL PAYMENT SOLUTIONS INC. D/B/A ADVANCED MEDICAL PRICING SOLUTIONS; CIMARRON HEALTHCARE CAPITAL; and JAMES NADAULD.<br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No.: 1:24-cv-10605-WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT ANASAZI MEDICAL PAYMENT SOLUTIONS INC. D/B/A ADVANCED MEDICAL PRICING SOLUTIONS' OMNIBUS OPPOSITION TO [15] PLAINTIFF'S "ANTI-SLAPP" SPECIAL MOTION TO DISMISS AND [17] PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Anasazi Medical Payment Solutions Inc. d/b/a Advanced Medical Pricing Solutions ("AMPS" or "Defendant"), through its attorneys, hereby submits this omnibus opposition to: (1) [**Docket No. 15**] Moving Party Conte's Special Motion to Dismiss Non-Moving Party AMPS's Counterclaim on the Basis that it is in Violation of M.G.L. c. 231 s. 59H, Massachusetts' "Anti-SLAPP" Statute ("Special Motion to Dismiss"); and (2) [**Docket No. 17**] Plaintiff's Motion to Dismiss AMPS's Counterclaim on the Basis that it Fails to State a Claim Upon Which Relief Can be Granted ("Motion to Dismiss") (collectively "Motions"). As the Motions and supporting Memoranda of Law are nearly identical, for the Court's convenience AMPS addresses both Motions below and requests that this Honorable Court DENY both of Plaintiff Laura Conte's ("Plaintiff") Motions.

## I.   <u>INTRODUCTION</u>

### A.   <u>Disclosure of Confidential Information</u>

Plaintiff was employed by AMPS as General Counsel and later Chief Legal Officer. During her employment, Plaintiff entered into the Employment Agreement at issue, included in full as Exhibit 1 to the Complaint and Jury Demand Plaintiff filed on March 11, 2024 ("Complaint"). The Employment Agreement includes a Restrictive Covenants section, specifically prohibiting Plaintiff from disclosing or using any Confidential Information as defined in the Employment Agreement. *See* Counterclaim ¶¶148-150. Despite this contractual duty, Plaintiff has littered her Complaint with items of Confidential Information as defined by the Employment Agreement, including information related to trade secrets, proprietary information, and additional confidential information, which includes the full disclosure of the Employment Agreement in and of itself. *Counterclaim* ¶¶151, 153. This Confidential Information belongs to AMPS, its subsidiaries, and/or its Affiliates and, prior to the filing of the Complaint, was not generally known to the public. *See Counterclaim* ¶151. As a result of this disclosure to the public and its competitors, AMPS has been irreparably harmed. *Counterclaim* ¶¶154-155. Therefore, AMPS brought its compulsory counterclaim ("Counterclaim") for one count of breach of contract against Plaintiff.

### B.   <u>Plaintiff's Motions to Dismiss</u>

On June 21, 2024, Plaintiff filed her Motion to Dismiss and Special Motion to Dismiss. These Motions followed failed early resolution attempts, during which to undersigned's knowledge Plaintiff and her counsel were fully made aware of AMPS's concerns related to the Confidential Information contained in the Complaint. At no time did Plaintiff move to file any documents under seal, and during the Rule 7.1 conference no such offer was even mentioned.

Plaintiff has utterly failed to meet her burden under either Fed. R. Civ. P. 12(b)(6) or the Massachusetts anti-SLAPP statute of proving that the Counterclaim should be dismissed. Instead, Plaintiff has set forth conclusory statements and forbidden extrinsic documents. Therefore, AMPS respectfully requests that this Honorable Court deny Plaintiff's Motions in full.

## II.    FED. R. CIV. P. 12 MOTION TO DISMISS

Plaintiff has filed her Motion to Dismiss, alleging the Counterclaim fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Not only does AMPS's Counterclaim more than sufficiently meet the standards pursuant to Fed. R. Civ. P. 8(a)(2) ("Rule 8(a)(2)"), but Plaintiff relies on improper and irrelevant "evidence" to support her request. Therefore, her Motion to Dismiss should be denied.

### A.    Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court will "assume the truth of all well-plead[ed] facts and give [claimant] the benefit of all reasonable inferences therefrom." *Alantra LLC v. Apex Indust. Techs. LLC*, 2020 U.S. Dist. LEXIS 197422 *4 (D. Mass. 2020) *quoting Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). The counterclaim must "state a claim that is plausible on its face" in order to survive a motion to dismiss. *Id.*, *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The factual allegations included in the counterclaim "must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true[.]" *Id.* Only if the counterclaim "fails to set forth 'factual allegations, either direct or inferential, respecting each element necessary to sustain recovery under some actional legal theory'" is dismissal appropriate. *Id.*, *quoting Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008).

3

When considering a motion to dismiss, "'any consideration of documents not attached to the [counterclaim], or not expressly incorporated therein, is forbidden." *Id*., at \*5 *quoting Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

B.      **Plaintiff Relies on Improper Extrinsic Evidence**

The Court must limit its consideration of documents to those attached to the Counterclaim or expressly incorporated within. There are narrow exceptions to this rule including "documents the authenticity of which are not disputed by the parties, official public records, documents central to [AMPS's] claim, and documents sufficiently referred to the in the [Counterclaim]." *Alantra*, at \*5 *quoting Watterson*, at 3 (internal quotations omitted). Plaintiff's counsel's affidavit and the assertions made therein, including the attached documents, do not meet any of these exceptions. Nearly the entirety of Plaintiff's Memorandum of Law in support of her Motion to Dismiss relies on the affidavit of Plaintiff's counsel and the incorporated documents. *Plaintiff's Memorandum in Support of Motion to Dismiss* [**Docket No. 18**] ¶¶ **1-6, 8.**

Not only are the documents (which include an email and previous draft of threatened litigation in the event Defendants' refused to pay Plaintiff's demand) and assertions irrelevant to the Rule 12(b)(6) relief allegedly sought, but the purpose of the inclusion of the information is useless, other than to continue to litter the docket with public disclosures of confidential business information. Therefore, the Court should completely disregard, and STRIKE, these improper exhibits as they are explicitly forbidden to be considered at this phase. *See Alantra*, at \*5 (holding the court would not consider assertions contained in an affidavit and accompanying exhibits for the purposes of a Rule 12(b)(6) motion to dismiss).

4

## C.    AMPS's Counterclaim States a Proper Claim

Plaintiff alleges that AMPS has failed to include sufficient factual allegations which support its breach of contract claim against Plaintiff, and therefore the Counterclaim should be dismissed. However, Plaintiff's allegation is inaccurate and not supported by any proper arguments in the Motion to Dismiss. Pursuant to Rule 8(a)(2), a claimant must include a short and plain statement of the claim in a pleading showing it is entitled to relief. The standard is not for a 147 paragraph pleading including legal conclusions and case law, as exhibited by the Complaint, but instead a **short and plain** statement. AMPS has included exactly that within its Counterclaim.

In her Complaint, Plaintiff includes countless references to information that, if true,[1] would be properly considered confidential and proprietary information protected from disclosure by the Employment Agreement. These references and the disclosure of the entire Employment Agreement, as directly stated in the Counterclaim, are related to "trade secrets, proprietary information, and other confidential information as defined in the Employment Agreement" and are "not generally known to the public." *Counterclaim* ¶¶151, 153. The Counterclaim specifies the section of the contract Plaintiff has breached – the Restrictive Covenants section. *Counterclaim* ¶¶149-50. It sets forth how this section was breached, as detailed above, and that AMPS was irreparably harmed as a result. *Counterclaim* ¶155, 164. Both Plaintiff and the Court are fully able to understand the Counterclaim against Plaintiff. **Notably, Plaintiff does not actually appear to deny that she disclosed Confidential Information.**

Plaintiff takes issue that AMPS did not detail each and every disclosure of Confidential Information in its Counterclaim. However, not only is this unnecessary, but it also would cause additional irreparable harm to AMPS. AMPS contends that numerous assertions included in

---

[1] Inclusion of knowingly and provably false assertions would be, of course, an entirely different issue altogether.

5

Plaintiff's Complaint are, at best, inaccurate. Therefore, by setting forth exactly which information is accurate and which is inaccurate, AMPS would be further disclosing confidential business information not previously known to competitors or the general public. Doing so is not necessary to meet the Rule 8(a)(2) pleading standard.

Plaintiff further states that AMPS has failed to assert evidence related to the harm it has sustained. However, not only has AMPS alleged irreparable harm in the Counterclaim, but this Court has held that "[d]isclosing confidential information 'is, in itself, an irreparable harm'" *Alantra*, at \*6 *quoting Covidien LP v. Esch*, 229 F. Supp 3d 94, 99 (D. Mass 2017). "[I]t is common sense that the misuse of … confidential information would constitute irreparable harm to the company." *Id.*, at \*7-8 *quoting SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 2019 U.S. Dist. LEXIS 123919 (D. Mass. 2019). AMPS is not required to specifically show the ways in which the disclosed Confidential Information has been used to its detriment, as the information now being accessible to the public raises an inference of damages. *See Alantra*, at \*8 *citing Bosque v. Wells Fargo Bank N.A.*, 762 F. Supp. 2d. 342, 352 (D. Mass 2011).

AMPS has sufficiently pled that Plaintiff has breached the Employment Agreement by disclosing information related to trade secrets, proprietary information, and other confidential information, including disclosure of the entire Employment Agreement, and that is has been irreparably harmed as a result. Plaintiff's additional arguments related to alleged litigation privilege and AMPS's possession of a separate draft Complaint are red herrings meant to distract this Court, and are irrelevant to relief actually sought in the Rule 12(b)(6) Motion to Dismiss. The factual allegations set forth in the Counterclaim both directly and inferentially allow Plaintiff and the Court to understand AMPS's theory of recovery under its sole breach of contract claim.

Therefore, dismissal is inappropriate and AMPS requests that this Court DENY Plaintiff's Motion to Dismiss.

### D.   Additional Claims

#### 1.   *Knowledge of Draft Complaint*

Plaintiff has included assertions in both the Motion to Dismiss and Special Motion to Dismiss[2] that the service of the previous draft of the Complaint somehow necessitates the dismissal of AMPS's Counterclaim. This is incorrect. AMPS specifically denies Plaintiff's counsel's assertions that the draft Complaint and as filed Complaint are "nearly identical" in substance with the only differences being the language merely being "re-arranged or revised." Undersigned believes that substantive Confidential Information appears in the filed Complaint not included in the draft served. However, AMPS's knowledge that Plaintiff was threatening to include Confidential Information in the Complaint sent to threaten litigation if Defendants did not meet Plaintiff's excessive demand has no relation to the Counterclaim.

#### 2.   *Requests to Seal*

Plaintiff further alleges AMPS's Counterclaim should be dismissed because it has known of her intent to violate the Employment Agreement since November, and never contacted her to express concern. This argument is similarly unpersuasive. The parties have spent countless hours working towards resolution over the last few months. During that time, AMPS **absolutely** indicated its concerns related to this disclosure, and identified potential counterclaims related to same. Plaintiff chose to include additional information in the as filed Complaint, and should have known this disclosure would necessitate claims against her. As Chief Legal Officer, Plaintiff

---

[2] It appears Plaintiff relies on nearly identical evidence to support both Motions, as the numbered paragraphs included with the memoranda of law appear identical, along with the Affidavit and Exhibits included in support.

should have understood the Restrictive Covenants sections had a purpose. Acting as the CLO, Plaintiff should have known that each and every disclosure of Confidential Information in her Complaint was a breach of the Employment Agreement and would cause harm to AMPS.

### 3.    *Litigation Privilege*

Plaintiff asserts that because she is a party to litigation, the disclosures in her Complaint, even if defamatory, are subject to a blanket litigation privilege. This is a distortion of the litigation privilege. A party clearly cannot disclose confidential information, which it has specifically agreed to protect, simply because it is included in a complaint filed with court. Litigants are not subject to blanket immunity for information contained in public filings. To suggest the Court rule otherwise is dangerous.

### III.    ANTI-SLAPP SPECIAL MOTION TO DISMISS

Plaintiff has also filed a Special Motion to Dismiss, alleging AMPS has violated the Massachusetts anti-SLAPP statute, M.G.L. c. 231, §59H, by asserting its Counterclaim. However, well established case law protects AMPS's right to bring its Counterclaim against Plaintiff. As such, AMPS requests that this Court DENY Plaintiff's Special Motion to Dismiss and AWARD it reasonable attorneys' fees and costs.

### A.    Legal Standard

When considering a special motion to dismiss under the Massachusetts anti-SLAPP statute, the Court may only grant the motion if the moving party can show "the non-moving party's claim is based on the movant's right to petition under the federal or state constitution." *Alantra*, at *4. Plaintiff must make a "thresholding showing through pleadings and affidavits that the claims against [her] are based on … petitioning activities alone.'" *Hi-Tech Pharms. Inc. v. Cohen*, 208 F. Supp 3d. 350, 352 (D. Mass 2016) *quoting Fustolo v. Hollander*, 455 Mass. 861, 865 (2010).

"Complaints that allege breaches of contract … where the breaches happen to have been perpetrated while performing petitioning activity, are not based solely on that petitioning activity." *Alantra*, at *10; *See also Duracraft Corp. v. Holes Products Corp.*, 427 Mass. 156 (1998) (holding that when employee violated nondisclosure agreement during deposition testimony, the employer's complaint had a substantial basis in contract and was not based solely on the employee's petitioning activity).

If Plaintiff can make this threshold showing, the burden then shifts to AMPS to prove by a preponderance of the evidence that (1) Plaintiff's petitioning activity was "devoid of any reasonable factual support or any arguable basis in law" *Hi-Tech* at 352 *quoting Baker v. Parsons*, 434 Mass. 543, 244 (2001); and (2) Plaintiff's acts caused actual injury to AMPS. M.G.L. c. 231, §59H; *See also Alantra.*

### B.    AMPS's Counterclaim Has Substantial Basis

Plaintiff alleges that the purpose of the Counterclaim is to retaliate against Plaintiff for pursuing this litigation and attempt to gain leverage. However, this assertion is not based on any semblance of fact or evidentiary support. Instead, AMPS has been forced to bring this Counterclaim to address the unnecessary and improper disclosure of Confidential Information.

Plaintiff is unable to meet the threshold inquiry required by the anti-SLAPP statute. AMPS's Counterclaim sounds in breach of contract. The Counterclaim has a "substantial basis in [Plaintiff's] alleged breach of a contractual duty not to disclose confidential information[.]" *Alantra*, at *10 (denying requests to dismiss counterclaims under Rule 12(b)(6) and anti-SLAPP when plaintiff filed confidential business information within complaint). As such, the Counterclaim is not brought based on Plaintiff's petitioning activity, but instead based on

Plaintiff's violations of the Employment Agreement. Plaintiff fails to meet her burden, and as such is not entitled to dismissal under the anti-SLAPP statute, or to any requested fees.

AMPS's Counterclaim is brought solely to address the needless disclosure of certain information included, for no clear reason, in Plaintiff's Complaint. Inclusion of this information was absolutely unnecessary and in no way adds to Plaintiff's claims. It appears the inclusion served the sole purpose of harming AMPS. Had Plaintiff filed her Complaint under seal or filed without reference to Confidential Information, her claims would still have proceeded forward and she would have escaped potential and unnecessary liability for her breach. Even if Plaintiff had extended an offer to seal during counsels' Rule 7.1 conference, her potential liability would be significantly reduced. Instead, Plaintiff included an additional draft of the Complaint in both of her Motions to Dismiss, potentially further disclosing Confidential Information in two additional filings.

A simple reading of the Restrictive Covenants section clearly shows Plaintiff's contractual duties. AMPS was not searching for counterclaims to bring against Plaintiff, illustrated by the short, plain, and concise **single count** Counterclaim. However, Plaintiff has tied its hands, and necessitated the additional expense AMPS is forced to incur as a result of litigating its Counterclaim. Plaintiff's assertions that the Counterclaim is brought for retaliation and to gain some leverage is demonstrably false.

Plaintiff cannot prove AMPS's Counterclaim was based solely on her petition activity. Instead, this Court has previously held on numerous occasions that claims such as the Counterclaim, asserting breaches which took place in petitioning activity, have substantial basis in the breach of contract claim. As such, Plaintiff's Special Motion to Dismiss should be DENIED.

## IV.    CONCLUSION

For the reasons set forth more fully above, AMPS respectfully requests that this Honorable

Court:

I.      DENY Plaintiff's Rule 12(b)(6) Motion to Dismiss;

II.     DENY Plaintiff's Anti-SLAPP Special Motion to Dismiss;

III.    STRIKE any additionally disclosed Confidential Information;

IV.     AWARD AMPS its reasonable attorneys' fees and costs; and

V.      GRANT whatever additional relief this Court deems proper and just.

**Respectfully submitted,**

**DEFENDANT ANASAZI MEDICAL PAYMENT SOLUTIONS INC. d/b/a ADVANCED MEDICAL PRICING SOLUTIONS,**

By its attorneys,

*/s/ Courtney A. Longo*
Courtney A. Longo, Esq., BBO # 666466
Courtney.Longo@lewisbrisbois.com
Rachel N. Costello, BBO No. 703319
Rachel.Costello@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One International Place, Suite 350
Boston, MA 02110
Tel: (857) 313-3950
Fax: (857) 313-3951

Dated: July 3, 2024

11

## <u>CERTIFICATE OF SERVICE</u>

I  hereby certify that on July 3, 2024, I caused a true and accurate copy of the foregoing document to be served through the Court's CM/ECF Service.

*/s/ Courtney A. Longo*
Courtney A. Longo
